UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HELEN FERGUSON,**

    **Plaintiff,**

v.                                          **Case No. 8:21-cv-1244-CEH-AAS**

**GETTEL MANAGEMENT GROUP,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Helen Ferguson requests to proceed *in forma pauperis*. (Doc. 5). It is **RECOMMENDED** that Ms. Ferguson's motion be **DENIED**, and this action be dismissed.

**I.  BACKGROUND**

In her original complaint, Ms. Ferguson sued Gettel Management Group for $350,000 that she claimed should have been (but was not) awarded to her as a default judgment in her 2016 employment discrimination action against Gettel Management Group. (Doc. 1). Although unclear, Ms. Ferguson appeared to allege diversity jurisdiction as the basis for the court's jurisdiction. (*Id.* at pp. 3–4). This court deferred Ms. Ferguson's motion to proceed *in forma pauperis*, addressed whether this court had jurisdiction to hear Ms. Ferguson's case, and ordered Ms. Ferguson to submit an amended complaint. (Doc. 6).

1

In her amended complaint, Ms. Ferguson alleges federal question jurisdiction as the basis for the court's jurisdiction. (Doc. 7). Ms. Ferguson alleges claims under Title VII for sex discrimination, race discrimination, and possible retaliatory conduct. (Doc. 7, Ex. 1). Ms. Ferguson also requests punitive and compensatory damages under the Civil Rights Act of 1991. (*Id.*). Ms. Ferguson alleges her supervisor verbally abused her and she was terminated because she would not leave and go home. (Doc. 7, p. 4). Ms. Ferguson attaches her charge of discrimination from February 2016 and the Equal Employment Opportunity Commission (EEOC) Dismissal and Notice of Rights dated September 22, 2016. (Doc. 7, Exs. 2, 3).

## II. LEGAL STANDARD

After determining the economic status of the litigant, the court must review the case and dismiss it sua sponte if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Martinez v. Kristi Cleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a

claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

If a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories lack merit, the court may conclude a case has little or no chance of success and dismiss before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). While the court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

In the original case (case number 16cv3460) filed on December 21, 2016, Ms. Ferguson alleged claims under Title VII for race discrimination, sex discrimination, verbal abuse from her supervisor, retaliatory conduct, and termination based on her employment with Gettel Acura. (Doc. 8; 16cv3460).[1] Ms. Ferguson also named Ms. Diana Bieman, her supervisor, Debbie Mellace, the office assistant, and Fred Bartholomew of Gettel Management Group Corporate office as defendants. (*Id.* at p. 2). Throughout this previous case, the

---

[1] At the court's direction, Ms. Ferguson amended her complaint, which was the operative complaint for her original case. (Doc. 8, 16cv3460).

3

court denied Ms. Ferguson's many requests for default judgment. (*See* Doc. 85, p. 1; 16cv3460 (listing all the docket numbers)). Gettel Acura tried to move forward with the litigation by seeking discovery and noticing Ms. Ferguson's deposition, but Ms. Ferguson refused to engage because she argued that she had a right to default against Gettel Acura, despite her six requests for default being denied. (*Id.* at pp. 2–4). Gettel Acura moved for sanctions against Ms. Ferguson, specifically for the court to dismiss her case with prejudice for failure to comply with a court order. (Doc. 81; 16cv3460). After Judge McCoun recommended granting Gettel Acura's request for dismissal, Judge Merryday dismissed the case with prejudice in February 2018. (Doc. 86, 16cv3460). Despite her case being dismissed, Ms. Ferguson moved two more times for default judgment and for a "pay out of settlement." (Docs. 88, 90, 16cv3460). Judge Merryday denied both requests in 2019. Now two years later in a new case, Ms. Ferguson alleges claims under Title VII for sex discrimination and race discrimination, and possible retaliatory conduct against Gettel Management Group. (Doc. 7, Ex. 1, 21cv1344).

"Res judicata is a doctrine of claim preclusion which operates to prevent litigation of matters that were raised or should have been raised in an earlier suit." *See McKinnon v. Blue Cross and Blue Shield of Ala.,* 935 F.2d 1187, 1192 (11th Cir. 1991). "The purpose behind the doctrine of res judicata is that the

full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999) (quotations and alteration omitted). Four elements are required for res judicata to bar a subsequent suit: "(1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986). "A final decision is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Pitney Bowes, Inc. v. Mestre,* 701 F.2d 1365, 1368 (11th Cir. 1983) (citation omitted). If the plaintiff fails to comply with a court order, the defendant may move to dismiss the claims against it and the dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also Kiera v. Berry*, 573 F. App'x 918, 919 (11th Cir. 2014) (finding a dismissal of a complaint for failure to comply with an order of contempt "operates as an adjudication on the merits" under Rule 41(b)). As to the fourth element, whether the causes of action in both suits are identical, the inquiry is not only whether both cases advance precisely the

same legal theory, but also whether the legal theories and claims arise out of "the same nucleus of operative fact." *NAACP v. Hunt,* 891 F.2d 1555, 1561 (11th Cir. 1990).

Here, all four elements are met for res judicata. Because Judge Merryday dismissed Ms. Ferguson's original case with prejudice for failure to comply with a court order, that dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Judge Merryday's previous decision dismissing the case with prejudice was rendered by "a court of competent jurisdiction." Although Ms. Ferguson identifies the defendant as Gettel Management Group here, it is the same defendant as the original case but just a different name. Specifically, the amended complaint from the original case shows Ms. Ferguson identifies Gettel Acura and Gettel Management to be the same entities. (*See* Doc. 8, p. 9; 16cv3460). Ms. Ferguson identifies the same causes of action—race discrimination, sex discrimination, and retaliatory conduct—and the same facts are identified in both cases. Ms. Ferguson also provides the same charge of discrimination and EEOC Dismissal and Notice of Rights that she provide in the prior case. (*See* Doc. 7, Exs. 2, 3, 21cv1244; Doc. 8, Ex. A, 16cv3460). Thus, Ms. Ferguson's claims are barred by res judicata.[2]

---

[2] Even if Ms. Ferguson's claims were not barred by res judicata, her claims are time barred. Under Title VII, once a party receives the notice of rights, the party has ninety days to file a civil action. 42 U.S.C.§ 2000e-5(f)(1); *see also Santini v. Cleveland Clinic*

## IV. CONCLUSION

Thus, it is **RECOMMENDED** that Ms. Ferguson's motion for leave to proceed *in forma pauperis* (Doc. 5) be **DENIED**, and the amended complaint (Doc. 7) be **DISMISSED**.

**ENTERED** in Tampa, Florida on July 21, 2021.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

*Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) ("Title VII . . . may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."). Ms. Ferguson received her right to sue letter on September 22, 2016. (Doc. 7, Ex. 3). However, she filed her case on June 3, 2021, over four years and eight months after she received her notice of rights. (*See* Doc. 1).

7

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.


cc:
Helen Ferguson
P.O. Box. 48567
Sarasota, FL 34230