UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN FERGUSON,

    Petitioner,

v.                                            Case No: 8:21-cv-1244-CEH-AAS

GETTEL MANAGEMENT GROUP,

    Defendant.
_____/

## ORDER

    This matter comes before the Court on the Report and Recommendation of Magistrate Judge Amanda Sansone (Doc. 8). In the Report and Recommendation, the Magistrate Judge recommends that *pro se* Plaintiff Helen Ferguson's motion to proceed *in forma pauperis* be denied and Plaintiff's Amended Complaint be dismissed. Plaintiff filed Objections to the Report and Recommendation (Doc. 12). On August 3, 2021, Plaintiff paid the $402 filing fee. Upon consideration of the Report and Recommendation, the Objections, and upon this Court's independent examination of the file, it is determined that the Objections should be overruled, the Report and Recommendation adopted, and this action dismissed with prejudice.

**I.**     **BACKGROUND**

    On June 3, 2021, Plaintiff Helen Ferguson, proceeding *pro se*, filed a "Complaint for a Civil Case Alleging that the Defendant Owes Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of Citizenship)" against Defendant Gettel Management

Group (Gettel Acura). Doc. 1. Although the Complaint indicates the Court's jurisdiction is based on diversity of citizenship, both Plaintiff and Defendant are alleged to be Florida citizens. *Id.* at 3. The Complaint summarily alleges that Defendant Gettel Management Group violated Plaintiff's civil rights on December 28, 2015. *Id.* at 4. On June 14, 2021, Plaintiff filed a long form application to proceed in District Court without prepaying fees or costs (Doc. 5), which the Court construes as a motion to proceed *in forma pauperis*. The motion was referred to the Magistrate Judge, who entered an Order on June 22, 2021, noting that while Plaintiff's financial application supports her claim of indigency, Plaintiff fails to properly invoke the jurisdiction of this Court as complete diversity does not exist between Plaintiff and Defendant, who are both citizens of Florida. Doc. 6. The Magistrate Judge further observed that despite Plaintiff's claim that Defendant owes her $350,000 from a civil rights lawsuit, she fails to provide documents showing any judgment in her favor. The Magistrate Judge permitted the Plaintiff an opportunity to file an Amended Complaint.

On July 2, 2021, Plaintiff filed an Amended Complaint, naming as Defendants, Gettel Management Group, Gettel Acura's supervisor Diane Bieman ("Bieman"), and her co-worker Debbie Mellace ("Mellace"). Doc. 7. Plaintiff asserts jurisdiction is proper based on a federal question. *Id.* at 4. Plaintiff alleges that during the time between 2014 and 2015, she was "verbally abused by the supervisor of Gettel Acura and terminated because she wouldn't leave and go home." *Id.* Plaintiff further alleges her co-worker was searching her purse every time she left the office. *Id.* Plaintiff seeks

2

$400,000 in compensatory and punitive damages for violation of her civil rights. *Id.* She attaches to her Amended Complaint an Equal Employment Opportunity Commission (EEOC) Charge of Discrimination dated February 2, 2016, in which she asserted claims of discrimination based on race and retaliation by her employer, Gettel Acura. *Id.* at 8. Additionally, she attaches a "Notice of Suit Rights" dated September 22, 2016. *Id.* at 9.

On July 21, 2021, the Magistrate Judge issued a Report and Recommendation recommending Plaintiff's Amended Complaint be dismissed, in which she noted that Plaintiff originally filed a discrimination action against these Defendants on December 21, 2016. Doc. 8 at 3 (citing Case No. 8:16-cv-3460-SDM-TBM (M.D. Fla.)) ("the original action"). In the original action, Plaintiff sued Gettel Acura, Bieman, Mellace, and another Gettel Acura employee for alleged race discrimination, sex discrimination, verbal abuse by her supervisor, retaliatory conduct, and termination. *See* Doc. 8 in the original action. Plaintiff attached to her complaint in that case the same Charge of Discrimination and Notice of right to sue. *See id.* at 7–8.

In the Report and Recommendation here, the Magistrate Judge reviewed the procedural background of the original action, which ultimately was dismissed with prejudice in 2018. *See* Doc. 86 in the original action. After dismissal of that case, Plaintiff continued to litigate that action, filing two more motions seeking default judgment against Defendants and a "pay out of settlement," which the district court denied in 2019. *See* Docs. 88–91 in the original action.

In the present suit brought two years later, Plaintiff asserts the same claims of discrimination and retaliation against her former employer and two of its employees. Doc. 7. In considering the Amended Complaint, the Magistrate Judge concluded that the current action is barred by the doctrine of *res judicata* because there was an adjudication on the merits of the original action and both actions involved the same parties and same causes of action. Doc. 8. The Magistrate Judge further noted that even if Plaintiff's claims were not barred by *res judicata*, her claims would be time-barred as she would have had ninety days from her rights to sue notice in which to bring her claims. Her rights to sue notice is dated September 2016. Thus, any lawsuit filed arising out of the claims that form the basis of the Charge of Discrimination are time-barred.

On July 30, 2021, Plaintiff filed "Objections to the Report and Recommendation." Doc. 12. Plaintiff indicates that her complaint and amended complaint were for settlement purposes. She objects to her complaint being dismissed as frivolous or malicious. She then proceeds to outline the procedural history of the original action, in which she notes several times that certain procedural happenings were not "part of the process of Plaintiff's case." By way of example, in reviewing documents filed in the original action, Plaintiff explains the case was supposed to end in a default judgment,[1] and that discovery requested by Defendants, motions to compel

---

[1] According to Plaintiff, Defendants did not timely answer the complaint or amended complaint in her original action. She moved for default judgment, but her motions were denied.

4

filed by Defendants, and hearings set by the court were not part of the process of her case. Doc. 12 at 2–4.

## II.     STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C); *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

## III.    DISCUSSION

As a preliminary matter, Plaintiff's objection fails to raise any factual or legal basis to refute the Magistrate Judge's recommendations. Thus, the objections are due to be overruled. Rather, Plaintiff repeats her dissatisfaction with how the original action was handled and the outcome of that case. As explained in detail by the Magistrate Judge in the Report and Recommendation, Plaintiff's claims are barred by the doctrine of *res judicata*. The doctrine of *res judicata* "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). For *res judicata* to bar a subsequent case, four

elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

Here, as discussed by the Magistrate Judge, each of the four elements are satisfied. The Plaintiff's claims in this action are barred because there was a final adjudication on the merits of her claims by the district court in the original action, the parties are the same, and the causes of action are the same. Accordingly, the Amended Complaint is due to be dismissed with prejudice. The Court further agrees with the Magistrate Judge that notwithstanding the applicability of the *res judicata* doctrine to the present action, Plaintiff's claims still fail because any cause of action for discrimination or retaliation arising out of her employment with Gettel Acura would have had to be filed within ninety days of the Rights to Sue Notice, which Plaintiff has not done here.

The Court observes that Plaintiff paid the filing fee in August 2021 after the Magistrate Judge issued her Report and Recommendation. However, this does not save Plaintiff's cause. In relevant part, Section 1915 states, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). *See Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (finding complaint failed to state a claim upon which relief may be granted because it was barred by *res judicata*). Thus, the motion for

*in forma pauperis* is due to be denied as moot. And although Plaintiff paid the filing fee, her claims are due to be dismissed as barred as set forth herein.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Objections (Doc. 12) to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 8) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

3. Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 5) is **DENIED as moot**.

4. Plaintiff's Amended Complaint (Doc. 7) is **DISMISSED with prejudice**.

5. The Clerk is directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on November 2, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties